UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MARIA ARIAS,

    Plaintiff,

vs.

UNITED PAYROLL, LLC,
a foreign limited liability company, and
UNITED PLUS PROPERTY
MANAGEMENT, LLC,
a foreign limited liability company, and
THE UNITED GROUP OF
COMPANIES, INC., a foreign corporation,

    Defendants.

_____/

**Jury Trial Demanded**

# COMPLAINT

The Plaintiff, Maria Arias, by her undersigned attorney, makes the following Complaint against the Defendants, United Payroll, LLC, United Plus Property Management, LLC, and The United Group of Companies, Inc.:

1. This is an action to redress violations of the Fair Labor Standards Act of 1938 as amended ("FLSA"), 29 U.S.C. § 201 et seq., caused by the failure to pay the premium overtime wages required by federal law.

## Jurisdiction and Venue

2. This court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. All acts giving rise to this complaint occurred in Broward County, Florida. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b).

## Parties

4. The Plaintiff Maria Arias ("Arias") is, and at all times relevant to this Complaint was, an adult resident of Florida.

5. The Defendant United Group of Companies, Inc. ("United Group") is a corporation organized and doing business pursuant to the laws of the State of New York with a principal place of business in Troy, New York.

6. United Group provides a variety of services, including real estate development and property management, in several states within the United States, including New York and Florida.

7. The Defendant United Payroll, LLC ("United Payroll") is a limited liability company organized and doing business pursuant to the laws of New York with a principal place of business in Troy, New York. United Payroll is authorized to conduct business in Florida.

8. Upon information and belief, United Payroll is a subsidiary of United Group. Upon information and belief, United Payroll handles payroll and purports to be an employer for employees who provide services to the United Group or its subsidiaries in Florida and other states.

9. The Defendant United Plus Property Management, Inc. ("United Plus") is a limited liability company organized and doing business pursuant to the laws of New York with a principal place of business in Troy, New York. United Plus is authorized to conduct business in Florida.

10. Upon information and belief, United Plus is a subsidiary of United Group. Upon information and belief, United Plus provides property management services in Florida and other states.

11. The CEO of United Group is also the manager of United Payroll and United Plus.

## FLSA Employment Relationships

12. By letter dated October 28, 2021, Arias was hired and employed as a Leasing Specialist with regard to an apartment community in Broward County, Florida.

13. The hiring letter was signed by the Director of Human Resources for United Group and was on letterhead that identified both United Group and United Plus.

14. Arias also received a "Welcome to United Group" document detailing "the Company's" benefits and providing names, telephone numbers, and email addresses of various Human Resources officers and managers, all of whom had New York telephone numbers and United Group email addresses.

15. United Payroll is designated as Arias' employer on a document filed with a New York state agency pursuant to the New York State Labor Law.

16. United Group, United Plus, and United Payroll were Arias' joint employers for purposes of the FLSA. All three defendants share a unity of identity. Arias' services as a leasing specialist were controlled by and benefitted both United Group and United Plus. Arias took direction from and reported to an area manager who identified herself as an employee of United Group. United Payroll (for which Arias provided no direct services) identified itself to a government agency as Arias' employer but merely paid her for her labor on behalf of her other employers, United Group and United Plus.

## FLSA Coverage

17. Arias was suffered and permitted to work by the Defendants individually and collectively during 2021 and 2022 and was thus an employee of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

18. At all times relevant to this complaint, United Group, United Plus, and United Payroll were enterprises engaged in commerce or in an industry affecting commerce and were employers as defined by 29 U.S.C. § 203, which had employees engaged in commerce in Florida, New York, and other states, including Arias.

19. At all times relevant to this complaint, Arias regularly carried out her job duties by handling materials that have been moved or produced in commerce, including but not limited to office supplies, computers and other office equipment, computer software, paper, and documents that were printed outside of Florida.

20. United Group, United Plus, and United Payroll are enterprises whose annual gross volume of sales made or business done was not less than $500,000 during calendar years 2021 and 2022, among other years.

21. During each workweek during her employment, Arias was individually engaged in commerce by making regular use of the mails, telephone, and email for interstate communication with her area manager and other United Group employees in New York and by conducting searches for information using the instrumentalities of commerce, including the telephone and internet.

## General Allegations

22. Arias' employment by the Defendants as a leasing specialist continued from on or about November 11, 2021 to on or about March 9, 2022.

23. Arias' primary job duties involved the identification and solicitation of potential residents at The Residences at Monterra Commons in Cooper City, Florida, an "apartment community" that is geared toward retired seniors. Her work included showing apartments to prospective tenants, accepting lease applications, verifying data on lease applications, encouraging qualified applicants to sign leases, and collecting deposits on apartments.

24. Arias was required to work a minimum of 40 hours per week and to work a regular schedule consistent with the rental office's hours of operation.

25. Arias did not manage other employees and did not assist in running the business. Her position was essentially a sales position. Arias worked on-site at The Residences at Monterra Commons, where she met with prospective tenants and encouraged them to rent apartments.

26. Arias exercised no significant discretion in the performance of her job duties but applied simple guidelines determined by her employer when approving rental applications.

27. The Defendants paid Arias a fixed salary regardless of the number of hours she worked.

28. The Defendants misclassified Arias as an exempt employee and failed to pay her the overtime compensation required by 29 U.S.C. § 207 for hours worked in excess of 40 during multiple workweeks.

29. The Defendants' violated the FLSA by failing to pay premium overtime compensation for at least the following hours in the following workweeks:

    a.    Jan. 17 to 21, 2022, worked 42 hours and 55 minutes.

      b.      Jan. 24 to 28, 2022, worked 42 hours and 25 minutes

      c.      Jan. 31 to Feb. 5, 2022, worked 53 hours and 32 minutes

      d.      Feb. 7 to Feb. 12, 2022, worked 44 hours and 45 minutes

      e.      Feb. 14 to Feb. 19, 2022, worked 59 hours and 15 minutes

      f.      Feb. 28 to Mar. 5, 2022, worked 52 hours and 2 minutes

30. Arias worked in excess of 40 hours in additional weeks during 2021.

31. The Defendants closely monitored Arias' job performance and were aware that she was working more than 40 hours during multiple workweeks.

## Claim: FLSA Violation

32. Arias realleges and incorporates paragraphs 1 to 31 of this Complaint.

33. At all times relevant to this Complaint, the Defendants were joint employers of Arias for purposes of the FLSA.

34. The Defendants are covered by the FLSA and were required to pay Arias premium overtime compensation for hours worked in excess of 40 during a workweek.

35. The Defendants misclassified Arias as an exempt employee to avoid paying her the overtime compensation required by the FLSA.

36. During several workweeks of her employment, Arias worked more than 40 hours in a workweek but was not paid one-and-one-half times her regular rate for the hours he worked in excess of 40.

37. The Defendants did not act in good faith but acted willfully when they violated 29 U.S.C. § 207 by failing to pay Arias the premium overtime wages she earned for all hours worked in excess of 40 during each workweek.

38. Pursuant to 29 U.S.C. § 216(b), Arias is entitled to recover her unpaid overtime wages and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## Demand for Relief

Plaintiff, Maria Arias, demands judgment against Defendants United Payroll, LLC, United Plus Property Management, LLC, and The United Group of Companies, LLC, jointly and severally, as follows:

a. for an award of Plaintiff's unpaid overtime wages in an amount to be proven at trial;

b. for an award of an additional amount equal to unpaid overtime wages as liquidated damages;

c. for an award of reasonable attorney's fees and the costs and expenses of this action pursuant to 29 U.S.C. § 216(b);

d. for such other relief as is just and necessary.

## Jury Demand

Plaintiff demands a trial by jury.

Dated: May 18, 2022

/s/ Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue, Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*